United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 04-10234-NMG |
| WALLSTEIN DWAYNE ALLEN et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM & ORDER

GORTON, J.

The indictment in this case charges three defendants, Wallstein Dwayne Allen ("Allen"), Andre Page ("Page") and Michael Green ("Green"), in connection with a conspiracy to import and distribute cocaine. Defendant Aquaya Stephanie Perry ("Perry") is charged with possession with intent to distribute cocaine and misprision of a felony. In December, 2005, Allen entered a plea of guilty with respect to the three counts against him. Defendant Perry was initially scheduled to enter a plea of guilty on the same date but that hearing was continued to February 24, 2006, apparently because the agreement with the government had not yet been finalized. Trial for the remaining defendants is scheduled to commence on Monday, February 6, 2006.

Currently pending before the Court are a motion by Page for severance of his trial, motions by Page and Green to strike surplusage from the indictment and a motion by Perry to continue the date of her trial.

I.  **Motion for Severance**

Defendant Page moves to sever his trial on the grounds that his counsel has recently discovered 1) a written report of a post-arrest statement by Green that allegedly tends to inculpate Page in the crimes charged and 2) that Green's intended trial strategy, which will allegedly contrast Page's knowing participation in the crimes with Green's innocence, constitutes an antagonistic defense that will unduly prejudice Page. The government opposes the motion and has submitted for the Court's consideration the post-arrest statement at issue. After consideration of arguments of counsel, pertinent case law and the subject statement, the Court will deny the motion for severance but will require the government to redact the post-arrest statement of Green if it seeks to introduce that statement into evidence.

Under <u>Bruton</u> v. <u>United States</u>, 391 U.S. 123 (1968), the Confrontation Clause of the Sixth Amendment is violated where a statement of a nontestifying defendant that is "powerfully incriminating" with respect to a co-defendant is introduced. The "<u>Bruton</u> rule" does not apply, however, where that statement is

sufficiently redacted and the court provides the jury with an appropriate limiting instruction.[1] Richardson v. Marsh, 481 U.S. 200 (1987). The United States Supreme Court has held that redacting a statement solely by substituting a blank space or the word "deleted" or some symbol such as an asterisk for the name of the co-defendant offends the Bruton rule as a categorical matter. Gray v. Maryland, 523 U.S. 185 (1998). In contrast, a redaction that removes not only the co-defendant's name but also any reference to his existence does not violate Bruton. Richardson, supra.

After evaluating the post-arrest statement provided by the government, the Court concludes that it may be inferentially inculpatory of Page but that redaction will remedy the problem. Consequently, should the government decide to offer the statement as evidence, it shall redact it to eliminate all references to Page in a manner consistent with Bruton, Richardson and Gray, supra.

In addition to contending that he is prejudiced by the post-arrest statement of Green, Page asserts that the intended trial strategy of Green warrants a severed trial. Fed. R. Crim. P. 14 authorizes a court to sever the trials of co-defendants "or provide any other relief that justice requires" where joinder

---

[1] The Bruton rule is also not offended, of course, where the statement at issue is not, in fact, inculpatory.

"appears to prejudice a defendant". The United States Supreme Court held in Zafiro v. United States, 506 U.S. 534 (1993), that the presentation of mutually antagonistic defenses by co-defendants was "not prejudicial per se" and that, to the extent prejudice was shown, a district judge could tailor relief short of severance. Id. at 538-39. Prejudice requiring severance under Rule 14 is demonstrated by "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence". Id. at 539.

The movant for severance bears the burden of articulating "specific ways in which he [will be] prejudiced" by a joint trial. United States v. Yefsky, 994 F.2d 885, 896 (1st Cir. 1993). Where the movant requests severance on the basis of a co-defendant's antagonistic defense, "the tension between defenses must be so great that a jury would have to believe one defendant at the expense of the other". Id. at 897 (citation omitted).

In this case, Page has not met the requisite burden. The affidavit of Page's counsel states merely that he "was informed that Green's trial strategy will be that Mr. Page was a knowing participant in the crimes alleged in the indictment, but that Green is not guilty". Furthermore, as discussed above, redaction of the post-arrest statement of Green will negate any prejudice to which the Bruton rule applies. Under these particular

circumstances, the Court finds that severance is not required.

## II. Motions to Strike Surplusage

Defendants Green and Page have each filed motions to strike from the indictment the Notice of Additional Factors on the grounds that the information therein does not constitute elements of the charged offenses and is unfairly prejudicial to defendants. The Court will allow both motions.

## III. Motion to Continue Trial of Defendant Perry

Defendant Perry, who is currently scheduled to enter a change of plea on February 24, 2006, has requested a trial date on account of changed circumstances concerning her plea agreement with the government. Because consummation of a plea agreement was contemplated by both Perry and the government, Perry's counsel did not participate in the pre-trial conference nor is he prepared to go forward with trial on February 6, 2006. Consequently, Perry has moved for a continuance of her trial. The Court will allow that motion provided that she promptly moves to exclude time, pursuant to the Speedy Trial Act, between the date of this order and the date of her trial which will be scheduled to commence before the end of March, 2006.

## ORDER

Based on the foregoing memorandum,

1) the Motion for Severance of Defendant Page (Docket No. 84) is **DENIED** provided however that if the government

       offers into evidence the post-arrest statement of co-defendant Green, it is redacted to eliminate any reference to Page;

2)    the Motions of Defendants Green and Page to Strike Surplusage from the Indictment (Docket Nos. 62 and 83) are **ALLOWED**; and

3)    the Motion of Defendant Perry to Continue her Date of Trial (Docket No. 86) is **ALLOWED**.

The Court will schedule a trial for Perry to commence prior to the end of March, 2006, on the condition that Perry, on or before February 6, 2006, files a motion to exclude time between the date of this order and the rescheduled date for the commencement of her trial.

The Court will hold a final pretrial conference (telephonic, if necessary) in this case on Friday, February 3, 2006 at 2:00 p.m. to address any remaining issues prior to commencement of the trial of defendants Page and Green.

**So ordered.**

                                               */s/ Nathaniel M. Gorton*
                                      Nathaniel M. Gorton
                                      United States District Judge

Dated: January 27, 2006